UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| SELENA RANDOLPH, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | 2:25-cv-00610-JCN |
| | ) | |
| ARLENE H. SHERIFF, | ) | |
| | ) | |
| Defendant | ) | |

**ORDER ON MOTION FOR DEFAULT AND TO DISMISS**

Defendant asks the Court to default Plaintiff on Defendant's counterclaim and to dismiss Plaintiff's complaint based on Plaintiff's failure to comply with the Court's order directing her to provide her contact information as a self-represented party if counsel did not enter an appearance for her by October 23, 2026.[1] (Motion for Default, ECF No. 45.)

On September 23, 2026, the Court conducted a telephonic hearing on the motion to withdraw filed by Plaintiff's counsel. Plaintiff participated in the hearing. The Court granted the motion and stayed further discovery until October 23, 2026, to permit Plaintiff time to secure new counsel. (Order, ECF No. 44.) The Court further ordered:

> If new counsel does not enter an appearance for Plaintiff on or before October 23, 2026, Plaintiff shall notify the Court of her contact information for service of pleadings and notices from the Court. In that event, the Court will consider Plaintiff to be self-represented unless counsel later enters an appearance for her. If Plaintiff does not provide her contact information as directed, the Court could impose sanctions, which could include the dismissal of the case.

[1] Defendant argues that Plaintiff should be "defaulted" on her complaint. (Motion at 3.) The Court construes Defendant's request as a request for the dismissal of the complaint.

(*Id.*) Because counsel has not entered an appearance for Plaintiff and because Plaintiff has not provided her contact information as directed, Defendant filed the pending motion. Plaintiff has not filed a response to Defendant's motion.

Pursuant to Federal Rule of Civil Procedure 41, a defendant may move for dismissal of an action if the plaintiff fails to prosecute the action or to comply with court rules and court orders. Fed. R. Civ. P. 41(b). Dismissal or default as a sanction should be used cautiously. As the First Circuit explained:

> Prior to choosing the harsh sanction of dismissal, a district court should consider the broad panoply of lesser sanctions available to it, such as contempt, fines, conditional orders of dismissal, etc. The severe sanction of dismissal serves as a powerful means of deterring others from frustrating the district court's well justified efforts at docket management, but it is not the only such deterrent.

*Crossman v. Raytheon Long Term Disability Plan*, 316 F.3d 36, 39 – 40 (1st Cir. 2002) (internal quotation marks and citations omitted). When assessing whether dismissal or default is warranted, a court must consider "the gravity of the violation and balance it with the need for order in the trial court, the prejudice to the other party, and the preference for disposing of a case on the merits." *Id.* (citing *Young v. Gordon*, 330 F.3d 76, 81 (1st Cir. 2003)).

Here, Defendant contends that Plaintiff's failure to provide the contact information as directed continues a pattern of conduct that has unreasonably delayed the resolution of this case. In support of her argument, Defendant cites the withdrawal of Plaintiff's initial counsel in April 2026 and the withdrawal of Plaintiff's subsequent attorneys in August 2026. While the Court understands Defendant's frustration with Plaintiff's failure to comply with the Court's order given the history of the case, in the Court's view, dismissal and default at this

stage would be inconsistent with the First Circuit's guidance. The Court, therefore, denies Defendant's motion.

Plaintiff's failure to inform the Court of her contact information and her general failure to prosecute or participate in this action following the withdrawal of her attorneys, however, warrant further exploration and scrutiny. The Court will issue a show cause order directing Plaintiff to show cause as to why she has not complied with the Court's order, why her claims should not be dismissed, and why she should not be defaulted on Defendant's counterclaim.

s/ John C. Nivison
U.S. Magistrate Judge

Dated this 20th day of November, 2026.